UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY STARLING, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-01261-O |
| J WALES HOME SOLUTIONS LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 9), filed February 25, 2022; and Plaintiff's Response (ECF No. 13), filed March 18, 2022. Having considered the motion, briefing, and applicable law, the Court **DENIES** the motion.

Before addressing the merits of the motion to dismiss, the Court must dispose of Defendant's Motion for Leave to Amend the Motion to Dismiss (ECF No. 11), filed March 17, 2022. Defendant moved to amend its motion to dismiss twenty days after filing it, and eighteen days after the deadline to respond to the complaint. *See* Order Granting Resp. Extension, ECF No. 8. Defendant invokes Federal Rule of Civil Procedure 15 in support of its motion for leave to amend. *See* Mot. for Leave to Amend 1, ECF No. 11. But Rule 15 concerns amendment of "pleadings," not motions—it does not grant parties twenty-one days to supplement their motions as a matter of course. Rather, because Defendant moves to respond to the complaint after the deadline to do so, the proper standard is "good cause" under Rule 6(b). Defendant provides no reason why the Court should permit another extension to respond to the complaint, let alone "good cause" for an extension. The Court thus **DENIES** the Motion for Leave to Amend the Motion to Dismiss (ECF No. 11).

**I.      BACKGROUND**

Defendant J Wales Home Solutions LLC offers roofing repair services in Texas.[1] Defendant operates a telemarketing campaign to raise business. The callers offer to schedule complementary roofing inspections and recommend Defendant for repairs if damage is found. Plaintiff received such a call on May 10, 2021. When Plaintiff asked who was calling her, the caller refused to give a company name. Plaintiff then agreed to an appointment.

The next day, Plaintiff received a call from an employee of Defendant. Again, Plaintiff did not receive Defendant's company name. Eventually, two of Defendant's employees showed up at Plaintiff's residence for the inspection. Plaintiff told them she was not interested in an inspection. Plaintiff did not consent to the calls and has been on the national do-not-call registry since 2004.

Plaintiff sued Defendant for violating the Telephone Consumer Protection Act ("TCPA"), alleging three causes of action. First, Plaintiff claims Defendant violated 47 U.S.C. § 227(c)(5) for each call it made to someone on the national do-not-call registry. Second, Plaintiff claims Defendant violated 47 U.S.C. § 227(c)(5) by failing to record or honor "do not call" requests and by failing to comply with the identification and disclosure requirements of 47 C.F.R. § 64.1200(d)(4). Third, Plaintiff claims that Defendant's telemarketing calls violated section 305.053 of the Texas Business & Commerce Code. Plaintiff also seeks certification of three classes aligning with the three causes of action. Plaintiff requests damages and injunctive relief on behalf of herself and the putative classes. Defendant moved to dismiss the complaint and strike the proposed classes.

---

[1] The Court recites the facts as alleged in the Complaint, ECF No. 1, which at this stage the Court must accept as true. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

## II.      LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Motion to Dismiss Under Rule 12(b)(1)

A party may challenge subject matter jurisdiction by filing a Rule 12(b)(1) motion. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

### C. Motion to Strike

Rule 23(d)(1)(D) allows courts to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Federal courts have invoked Rule 23 "in rare cases" to strike class allegations from the complaint prior to discovery. *Delarue v. State Farm Lloyds*, No. 1:09-cv-237, 2010 WL 11530499, at *2 (E.D. Tex. Mar. 10, 2010). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). The cases "generally show that motions to strike are often denied early in the litigation as premature," and courts "favor[] discovery before striking class action allegations." *Delarue*, 2010 WL 11530499 at *3 (collecting cases).

### III. ANALYSIS

#### A. Motion to Dismiss

##### 1. Plaintiff has standing.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "Cases" or "Controversies." To satisfy the case-or-controversy requirement, a plaintiff must have standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). And to satisfy Article III's standing requirement, a plaintiff must show:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Defendant argues that Plaintiff lacks standing because she has not pleaded an injury in fact. According to Defendant, Plaintiff must allege a concrete injury such as incurred charges, a reduction in usable minutes, occupation of her phone line, or harassment. Def.'s Mot. to Dismiss 10, ECF No. 9. Defendant misreads Plaintiff's complaint, which explicitly alleges that Plaintiff and the putative class members "suffered concrete harm" in the form of "time tending to Defendant's unwanted calls," as well as "nuisance and an invasion of their privacy." Compl. 14, ECF No. 1. Plaintiff's allegations satisfy Defendant's criteria. More importantly, they satisfy the Fifth Circuit's criteria, as "the text of the TCPA shows Congress determined that nuisance arising out of unsolicited telemarketing constitutes a cognizable injury." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021). The Court thus **DENIES** Defendant's motion to dismiss for lack of standing.[2]

---

[2] Although Defendant frames its standing argument as a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court construes the argument as a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

### 2. Plaintiff has stated a claim.

Defendant raises several arguments that Plaintiff has failed to state a claim. First, Defendant argues that Plaintiff has not plausibly alleged a TCPA claim. According to Defendant, Plaintiff "fails to allege the source, time, and frequency of the callas in her complaint." Def.'s Mot. to Dismiss 5, ECF No. 9. Thus, Defendant says, Plaintiff has failed to allege facts from which a reasonable factfinder could infer that Defendant is responsible for the calls. *Id.* Again, Defendant misreads Plaintiff's complaint. Plaintiff explicitly alleges the date, time, and phone number for each call she received. *See* Compl. 7–8, ECF No. 1. Plaintiff also details her interactions with the callers and two of Defendant's employees sent to her home. *Id.* at 7–11. Plaintiff has alleged sufficient facts from which a reasonable factfinder could infer that Defendant was responsible for the calls.

Second, Defendant argues that Plaintiff has failed to plead the elements of a claim under 47 U.S.C. § 227(b) because she has not alleged that Defendant used an automatic dialing system. Once again, Defendant misreads Plaintiff's complaint which "does not assert a claim under 47 U.S.C. 227(b)." Pl.'s Resp. 9, ECF No. 15. Rather, Plaintiff asserts claims under § 227(c), which does not require the use of an automatic dialing system. *See* Compl. 15–17, ECF No. 1. Section 227(c)(5) creates a cause of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." The regulations, in turn, prohibit telephone solicitation to anyone "who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Plaintiff has adequately pleaded claims under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200.

Third, Defendant argues that Plaintiff has failed to allege an agency relationship between Defendant and the telemarketers. In May 2013, the Federal Communications Commission issued

a declaratory ruling "clarify[ing] that a seller . . . may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." *In re J. Pet. Filed by Dish Network, LLC*, 28 F.C.C. 6574, 6582 (2013) (declaratory ruling concerning TCPA rules); *see also Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) ("A defendant is vicariously liable for violations of the TCPA where common law principles of agency would impose it."). Whether an agency relationship exists is a fact-intensive question that considers, among other things, the extent of the principal's control over the agent, the nature of the business and local custom, the skill required in the business, the length of time for the work, and the parties' subjective understanding of the relationship. *See* Restatement (Second) of Agency § 220 (1958); Restatement (Third) of Agency § 7.07 cmt. f (2006). Plaintiff explicitly alleges that Defendant "maintained the power and right of interim control over its agents' and caller's actions with respect to the telemarketing." Compl. 10, ECF No. 1. Plaintiff also alleges that Defendant gave the callers access and authority to schedule appointments for Defendant, that Defendant paid the callers or their employers, and that Defendant accepted the benefits of the telemarketing calls. *Id.* A reasonable factfinder could infer from Plaintiff's allegations that Defendant's representatives or agents were placing the calls. Plaintiff has thus sufficiently pleaded an agency relationship.

Fourth, Defendant argues that it had an established business relationship with Plaintiff. The TCPA exempts liability for phone calls "to any person with whom the caller has an established business relationship." 47 U.S.C. § 227(a)(4). An "established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication . . . on the basis of the subscriber's purchase or transaction with the entity within the eighteen . . . months immediately preceding the date of the telephone call." 47 C.F.R. § 64.1200(f); *see also* 16 C.F.R. § 310.2(q). The relationship can also be formed "on the basis of the subscriber's inquiry or

application regarding products or services offered by the entity within the three months immediately preceding the date of the call." 47 C.F.R. § 64.1200(f); *see also* 16 C.F.R. § 310.2(q). Plaintiff's allegations do not indicate that she and Defendant had an established business relationship "preceding the date of the call[s]" at issue. 47 C.F.R. § 64.1200(f). Moreover, a person can terminate an established business relationship with a "do not call" request, which Plaintiff alleges. 47 C.F.R. 64.1200(f)(5)(i). The facts, viewed in Plaintiff's favor, indicate that she did not have an established business relationship with Defendant.

Fifth, Defendant argues that Plaintiff has failed to state a claim under the Texas Business and Commerce Code. Section 305.053 of the Texas Business and Commerce Code creates a cause of action for anyone "who receives a communication that violates 47 U.S.C. Section 227." The cause of action—and the motion to dismiss—are derivative of Plaintiff's § 227 claims. Because Plaintiff states a claim under federal law, she also states a claim under its state-law counterpart. For these reasons, the Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

### B. Motion to strike class action

Defendant also moves to dismiss or strike Plaintiff's class allegations. Defendant argues that Plaintiff is not a member of the proposed class and cannot prove the class requirements under Rule 23. *See* Def.'s Mot. to Dismiss 11–18, ECF No. 9. Rule 23 requires courts to "determine by order whether to certify the action as a class action." They must do so "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). Generally, courts take up class certification on a timely motion from the parties. However, "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John*, 501 F.3d at 445.

Defendant has not shown that Plaintiff's class allegations are facially meritless. As an initial matter, Defendant continues to argue about automatic dialing systems, demonstrating once

8

again that it misapprehends Plaintiff's complaint. *See* Mot. to Dismiss 13–15, ECF No. 9. In addition, courts have certified classes like the ones Plaintiff seeks to certify. *See, e.g.*, *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 654–59 (4th Cir. 2019). Plaintiff has at this early stage satisfied the class pleading requirements. Defendant's arguments to the contrary (1) recycle arguments that Plaintiff has failed to state a claim; (2) misapprehend Plaintiff's allegations; or (3) require factual development. Regardless, Defendant's arguments do not warrant the rare remedy of dismissing or striking Plaintiff's class allegations. The Court thus **DENIES** Defendant's motion to strike.

## IV. CONCLUSION

In sum, the Court **DENIES** Defendant's Motion for Leave to Amend (ECF No. 11) and **DENIES** Defendant's Motion to Dismiss (ECF No. 9).

**SO ORDERED** this **19th day** of **April, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE